# PECHMAN LAW GROUP PLLC
### LABOR & EMPLOYMENT ATTORNEYS

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

April 6, 2026

**VIA ECF**
The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: *Sieve Data Inc. v. Savannah Tynan*, Case No. 1:26-cv-01510 (AMD) (JAM)
> <u>Response to Plaintiff's Application for a Preliminary Injunction</u>

Dear Judge Donnelly:

We represent Defendant Savannah Tynan ("Tynan") in the above-captioned action. This letter is in response to Sieve Data Inc's ("Sieve") Application for a Preliminary Injunction.

Although Tynan denies that there was any violation of her contract or any law, Tynan consents to the following portion of the Proposed Order to Show Cause for a Preliminary Injunction:

> (ii) enjoining Defendant, during the pendency of this action from using, disclosing, or otherwise transmitting, any of Sieve's confidential information and trade secrets;

ECF No. 3 ¶ (ii).

Tynan objects to paragraph (iii) of the Proposed Order as it shifts the cost of a forensic inspection to Tynan and does not outline a protocol for the forensic inspection that protects Tynan's interests as well as her personal information:

> (iii) requiring a forensic inspection, at Defendant's expense, of her personal electronic devices and storage accounts, include email and cloud storage accounts, to confirm whether Defendants has transferred, disseminated, or otherwise disclosed Sieve's confidential information and trade secrets to any third party or improperly retained copies of the information;

*Id.* at (iii). While Tynan has no objection to a forensic inspection, as part of routine discovery, there is no basis for Tynan to bear this expense, particularly as she has valid

defenses to each of the claims[1], and there are no guardrails to protect Tynan's privacy interests. In this regard, Tynan would welcome the assistance of Magistrate Judge Marutollo in helping the Parties reach a mutually agreeable protocol for a forensic inspection.

Additionally, paragraph (i) of the Proposed Order is premature:

(i) compelling Defendant to return, and delete, any and all of Sieve's confidential information and trade secrets in Defendant's possession, control, or custody;

ECF No. 3 ¶ (i). In this regard, it bears emphasizing that the retention of Sieve's data by Tynan was for the purpose of Tynan prosecuting her wage claims and protecting her legal interests. Accordingly, the return and deletion of Sieve's data and information should occur pursuant to a forensic inspection protocol, and any deletion of that data and information should occur at the conclusion of this litigation.

For the foregoing reasons, Tynan has no objection to a Preliminary Injunction limited to the language in paragraph (ii) of the Proposed Order, but objects to paragraphs (i) and (iii) of the Proposed Order.

Respectfully submitted,

Louis Pechman

cc: All Counsel of Record (via ECF)

---

[1] Courts have generally denied a company's request for an employee to bear the costs of a forensic inspection in a motion for a preliminary injunction. *Loandepot.com, LLC v. CrossCountry Mortg., LLC*, No. 22 Civ. 5971 (LGS), 2023 U.S. Dist. LEXIS 100230, at *25 (S.D.N.Y. June 8, 2023) (denying Plaintiff's request for a forensic inspection at Defendant's expense); *Prac. Magic, LLC v. Petzinger*, No. 2:23-cv-04295-WLH(JCx), 2024 U.S. Dist. LEXIS 51229, at *5 (C.D. Cal. Mar. 5, 2024) (denying company's request in a preliminary injunction motion for an employee to "bear all costs and expenses associated with the forensic imaging, collection, and review of her electronic data").