# PECHMAN LAW GROUP PLLC
### LABOR & EMPLOYMENT ATTORNEYS

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

April 20, 2026

**VIA ECF**

Hon. Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: *Sieve Data Inc. v. Savannah Tynan*, No. 26 Civ. 1510 (AM) (JAM)
> Pre-Motion Conference Request — Motion to Dismiss

Dear Judge Donnelly:

We represent Defendant Savannah Tynan in the above-captioned action. Pursuant to Your Honor's Individual Rule 4(A), we respectfully request a pre-motion conference in connection with Defendant's anticipated motion to dismiss Plaintiff Sieve Data Inc.'s ("Sieve") Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). The grounds for the anticipated motion are summarized below.

## I.      Count I (Defend Trade Secrets Act)

To state a claim under the Defend Trade Secrets Act ("DTSA"), a plaintiff must plead that "(1) it possessed a trade secret, and (2) the defendant misappropriated the trade secret." *Better Holdco, Inc. v. Beeline Loans, Inc.*, 666 F.Supp.3d 328, 383–84 (S.D.N.Y. 2023). "Misappropriation" is defined to include both the "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means," and "disclosure or use of a trade secret of another" without consent. 18 U.S.C. § 1839(5). The statute defines "improper means" to include "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means," and it excludes "reverse engineering, independent derivation, or any other lawful means of acquisition." 18 U.S.C. § 1839(6). The Complaint fails to plead a DTSA claim for the following reasons.

First, the Complaint expressly concedes that Tynan, as co-founder and Chief Technology Officer of Sieve, was "given access to all of Sieve's confidential information and trade secrets," that she and the Chief Executive Officer "were the only Sieve personnel who had full access to the Company's confidential information and trade secrets," and that she "had near-unfettered access to Sieve's Google Workspace." Accessing data through employer-issued credentials one is fully

authorized to use is not acquisition by "improper means" under the DTSA. *See Zurich Am. Life Ins. Co. v. Nagel*, 538 F. Supp. 3d 396, 404–406 (S.D.N.Y. 2021) (dismissing DTSA claim where plaintiff was authorized to acquire the information as part of his job and "'used' the trade secret as leverage during settlement negotiations with Zurich itself").

Second, the Complaint does not allege a single instance of actual use or disclosure. Every allegation of competitive harm is framed in speculation about what Tynan "might" or "suggests she intends to" do. *Zurich* is directly on point: identical hedged, forward-looking allegations were insufficient to sustain a DTSA claim. *Id.*

Third, the Complaint's own allegations establish a good-faith, legally compelled explanation for Tynan's continued retention of Company data. On the very day Sieve terminated her access, Tynan's counsel notified Sieve in writing that litigation was reasonably anticipated, and both parties therefore had a duty to preserve evidence, including the information that Sieve now faults Tynan for retaining.

## II.     Count II (Breach of Contract)

The Confidential Information and Invention Assignment Agreement (the "Agreement") is governed by California law. The elements of breach of contract under California law require pleading "the resulting damages to the plaintiff." *Oasis West Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011). Count II's sole damages allegation is that Sieve "is threatened with loss of goodwill, damage to its reputation, and diminishment of its business and competitive advantages." That allegation is prospective and speculative in its entirety. The Complaint does not identify a single lost customer, contract, or dollar of revenue. Because no actual, realized damages are pled, Count II fails as a matter of law.

## III.    Count III (State Law Trade Secret Misappropriation)

Count III should be dismissed for two independent reasons.

First, it rests on an identical nucleus of facts as Count I. There is no independent conduct, no distinct harm, and no separate theory. Count III fails for the same reasons as Count I set forth above.

Second, the Agreement expressly provides that it "shall be governed, construed and interpreted in accordance with the laws of State of California without giving effect to the principles of conflict of laws," and that this clause covers "all acts and transactions pursuant hereto." In fact, Sieve expressly invokes the choice-of-law provision that it contracted for in Count II. Nonetheless, Sieve attempts to bring Count III under both California and New York law. Because California law governs per the unambiguous terms of the Agreement, California law provides the exclusive state law remedy, and the New York claim should be dismissed.

     For the foregoing reasons, Defendant respectfully requests that the Court schedule a pre-motion conference at the Court's earliest convenience.

Respectfully submitted,

Louis Pechman

cc:  Counsel of Record via ECF