# HARRIS
# ST LAURENT

April 27, 2026

<u>**VIA ECF**</u>
The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     **Re:**    *Sieve Data Inc. v. Savannah Tynan*, **Case No. 1:26-cv-01510 (AMD) (JAM)**

Dear Judge Donnelly:

Plaintiff Sieve Data Inc. submits this letter in response to Defendant Savannah Tynan's April 21, 2026 request for a pre-motion conference regarding her anticipated motion to dismiss. (Doc. 24). Sieve's claims for breach of contract and for trade secret misappropriation under the Defend Trade Secrets Act ("DTSA"), the California Uniform Trade Secrets Act ("CUTSA"), and New York common law are well-pleaded and not subject to dismissal. Defendant's arguments—that Sieve fails to plead misappropriation or damages—mischaracterize the Complaint and controlling law. Sieve will oppose the motion.

## I.    <u>Brief Background.</u>

This action arises from Tynan's unauthorized taking of *all of* Sieve's confidential information and trade secrets, and her refusal to return and delete this information. Tynan is Sieve's former Chief Technology Officer, and was tasked with implementing the Company's security policies and protocols to protect its information. Given her role, she had access to all Company data, and executed a Confidential Information and Invention Assignment Agreement ("CIIAA"). Under the CIIAA, Tynan agreed to safeguard Sieve's confidential information and trade secrets, "not use the information except for the benefit of the Company to the extent necessary to perform [her] obligations," and to return and not keep the information upon termination. Instead, Tynan exploited her access to take all of Sieve's information before her imminent departure, including Sieve's trade secrets, *e.g.,* its Source Code, Workflow, Review Process, model evaluations, customer lists/sales leads, and pricing models. Tynan conceded she took and possesses this information. *See* Opp. (Doc. 21) at 2.

## II.    <u>Sieve States A Claim For Breach Of The CIIAA.</u>

The CIIAA is governed by California law. The Complaint alleges Tynan breached the CIIAA by taking all of Sieve's confidential information and trade secrets for purposes unrelated to her duties and Sieve's business.

After agreeing to part ways, Tynan: (i) initiated unauthorized "Takeouts" of Sieve's entire cloud-based workspace; (ii) downloaded those Takeouts to her personal devices on the eve of her

departure; and (iii) "synced" those devices to Sieve's systems to ensure she retained the most current versions of Sieve's confidential files, including materials relating to Sieve's Workflow and Review Process. The Takeouts were outside the scope of Tynan's responsibilities and Sieve's business.[1] Nor could the downloads have been for Company purposes, as Tynan had already agreed to leave Sieve and ceased performing substantive work. Tynan had expressed she could not be motivated to work on an endeavor she may not be part of for much longer. After she left, Tynan again synced a file related to Sieve's Review Process to her personal email. The Complaint alleges Tynan further breached the CIIAA by refusing to return and delete this information.

Tynan argues Sieve's breach of contract claim fails because Sieve does not plead "actual, realized damages." (Doc. 24 at 2). That is wrong. Under California law, "breach of a contractual duty 'is, in itself, a legal wrong that is fully distinct from the actual damages' and nominal damages may be recoverable for such breach." *Elation Sys., Inc. v. Fenn Bridge LLC*, 71 Cal. App. 5th 958, 967 (Cal. Ct. App. 2021) (citation omitted). Also, the Complaint alleges Tynan's breaches have cost Sieve time and effort to investigate and remedy the breaches, and have exposed Sieve to loss of customer goodwill and harm to Sieve's reputation and its business and competitive advantages.

## III.     Sieve Pleads Trade Secret Misappropriation.

Tynan's conduct also constitutes trade secret misappropriation under the DTSA, CUTSA and New York law. While the CIIAA is governed by California law, Sieve pleads trade secret misappropriation under New York law in the alternative. New York law also applies here because the parties are based in New York and the conduct at issue occurred in New York. Defendant argues the New York claim must be dismissed based on the CIIAA's California choice-of-law provision. Courts routinely reject that argument at the pleading stage and permit parallel New York and California trade secret claims to proceed. *See Medidata Sols., Inc., v. Veeva Sys. Inc*., No. 17 Civ. 589 (LGS), 2018 WL 6173349, at *5 (S.D.N.Y. Nov. 26, 2018).

The elements under the DTSA, CUTSA and New York law are materially the same. *PleasrDAO v. Shkreli*, 804 F. Supp. 3d 362, 376 (E.D.N.Y. 2025); *Alta Devices, Inc. v. LG Elecs., Inc.,* 343 F. Supp. 3d 868, 877 (N.D. Cal. 2018). A plaintiff must show: "(1) it possessed a trade secret, and (2) the defendant misappropriated the trade secret." *Better Holdco, Inc. v. Beeline Loans, Inc.,* 666 F. Supp. 3d 328, 384 (S.D.N.Y. 2023) (citation omitted). Both are satisfied here.

With respect to the first element, Defendant does not dispute that Sieve's Source Code, Workflow, Review Process, model evaluations, customer lists/sales leads, and pricing models are trade secrets. This element is established.

As for the second element, there is no dispute that Tynan took the information; the only issue is whether that taking is misappropriation. The DTSA contemplates three theories of misappropriation: acquisition by improper means, disclosure without consent, or use without

---

[1] Nearly all of Sieve's work is performed and stored in its Google Workspace. Access is restricted on a need-to know basis. Takeout is a bulk data export tool for transfering all or part of a Google Workspace to another device. It was Tynan's responsibility as CTO to prevent such exports.

consent. *See* 18 U.S.C. § 1839(5). Sieve is relying on the first theory.

Tynan's taking of Sieve's trade secrets after she has already agreed to separate from Sieve and stopped performing work is textbook misappropriation by acquisition. *See Onyx Renewable Partners L.P. v. Kao*, No. 22-cv-3720 (RA), 2023 WL 405019, at *4 (S.D.N.Y. Jan. 25, 2023) (employee downloaded over 10,000 documents from employer's dataroom two days prior to resignation). Transferring company information to personal devices/accounts constitutes "acquisition by improper means" where it is unauthorized or prohibited (*e.g.*, by a policy or employment contract), and was done for "an improper or illegitimate purpose." *See eShares, Inc. v. Talton*, 727 F. Supp. 3d 482, 494 (S.D.N.Y. 2024). The Complaint alleges Tynan's conduct was unsanctioned. Sieve personnel were required to work within the Company's systems. Tynan herself drafted Sieve's Employee Code of Conduct prohibiting employees from transferring or saving Company information to personal devices. Yet, Tynan willfully disregarded her obligations under the CIIAA and these policies. She downloaded this information *en masse* before she left, and refused to return and delete this information. She even attempted to access Sieve's systems and files after her access was revoked.

Defendant wrongly argues there was no misappropriation because she was given "near-unfettered access" to all of Sieve's data; the Complaint does not allege "actual use or disclosure"; and she retained the information for anticipated litigation. (Doc. 24 at 1–2). These arguments conflate access with acquisition and ask the Court to draw inferences in Defendant's favor.

An employee's access to her employer's trade secrets to perform her job functions does not give her a license to transfer or otherwise acquire the information for purposes other than serving her employer's interest. *See AUA Priv. Equity Partners, LLC v. Soto*, No. 1:17-cv-8035 (GHW), 2018 WL 1684339, at *5 (S.D.N.Y. Apr. 5, 2018) (employee who had access to trade secrets for work-related purposes improperly "acquired" them when she transferred them to her personal account). As set forth in the Complaint, Tynan's wholesale taking of Sieve's information had nothing to do with her job responsibilities or Sieve's business.

Sieve has pled misappropriation by acquisition; it does not need to plead "actual use or disclosure." (Doc. 24 at 2). "Employees who 'abscond with their employers' trade secrets, even in the absence of any subsequent use or disclosure' have been held to have improperly acquired such information." *Onyx*, 2023 WL 405019, at *5 (citation omitted). Also, Sieve cannot be expected to know the full extent of Tynan's use without discovery. It is also irrelevant whether Tynan believed she had a basis to retain the information when she was not permitted to take it in the first place.

For the foregoing reasons, Defendant's anticipated motion lacks merit.

Sincerely,

/s/ *Marilyn Yuan*

Marilyn Yuan

cc:    Counsel of Record via ECF