# HARRIS ST LAURENT

July 16, 2026

**VIA ECF**
Hon. Joseph A. Marutollo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Sieve Data Inc. v. Savannah Tynan*, Case No. 1:26-cv-01510 (AMD) (JAM)

Dear Judge Marutollo:

Pursuant to Your Honor's Order, dated July 14, 2026, counsel for Plaintiff Sieve Data Inc. and counsel for Defendant Savannah Tynan write jointly regarding the status of the court-ordered forensic inspection. We apologize for the delay and appreciate Your Honor's understanding. We further write concerning two disputes that have recently arisen, which the parties have been unable to resolve.

## A. Status of Inspection

The forensic inspection is underway. The forensic vendor, Sandline Global, has provided forensic reports relating to Defendant's devices and accounts, with the exception of the Phone Reports. Instead of the iPhone devices' full contents, Sieve requested that the Phone Reports include thirteen (13) of the available forty (40) data categories. Tynan has agreed to Sieve's proposed data categories except for the web-history and web-bookmark artifacts. The parties' present disputes are delaying completion of the iPhone reporting process, and in turn, the search and identification of materials for review, return, deletion, and remediation.

Notwithstanding the parties' disagreement, Sieve provided a proposed search for documents for review and remediation, which is subject to modification pending the Phone Reports and other outstanding information. Defendant is reviewing the search proposal.

## B. The Disputes

The parties have two outstanding disputes concerning the inspection, both of which relate to Tynan's web history.

First, the parties have a dispute related to Tynan's deletion of her Google browser history. During the inspection Sieve discovered evidence that Tynan deleted her Google browser history before furnishing her devices and accounts to Sandline. Upon this discovery, undersigned counsel for Sieve sent a letter to Defendant's counsel on July 9th demanding that Tynan provide an

explanation for the deletion and whether any backups of the deleted web history data exist. Tynan has objected to Sieve's demand.

Second, the parties dispute whether the forensic activity and file listing reports for Tynan's iPhone device (the "Phone Reports") should include web history and web bookmark data artifacts.

Each parties' positions concerning the disputes are set forth below.

**Sieve's Position:** The web history and web bookmark artifacts should be included in the Phone Reports, subject to redaction procedures set forth in the Forensic Protocol for personal information not related to Sieve or its information, and Tynan should, at minimum, be required to confirm whether the deleted web history data is available elsewhere in her possession and submit such data for forensic inspection, if available, at her expense.

The Court's April 29, 2026 order requires Tynan to submit to a forensic inspection of her devices and accounts "to confirm whether she has transferred, disseminated, or otherwise disclosed Sieve's confidential information and trade secrets to any third party or improperly retained copies of the information" and "to return and delete any and all" such information. Defendant's web history and bookmarks are directly relevant to that inquiry. This information will reveal access to cloud-storage locations, email accounts, shared folders, document repositories, and other browser-based services that may have been used to access, store, or transmit Sieve's information, and also require remediation.

The forensic report of Tynan's post-deletion Google web history further substantiates the need and relevance of this web activity information. For example, the report reveals that on May 29, 2026 – the same day Tynan deleted her web history – Tynan also accessed a folder titled "sieve history" on her Google Drive:

| | | |
|---|---|---|
| 5/29/2026 12:16:10.411 AM | Settings - Privacy and security | chrome://settings/clearBrowserData |
| 5/29/2026 12:16:20.344 AM | Settings - Privacy and security | chrome://settings/privacy |
| 5/29/2026 5:27:36.583 PM | New Tab | chrome://new-tab-page/ |
| 5/29/2026 5:27:43.047 PM | My Drive - Google Drive | https://drive.google.com/drive/u/0/fold |
| 5/29/2026 5:27:49.853 PM | sieve history - Google Drive | https://drive.google.com/drive/u/0/fold |
| 5/29/2026 7:33:51.234 PM | New Tab | chrome://new-tab-page/ |
| 5/29/2026 7:33:57.798 PM | Sign in to GitHub - GitHub | https://github.com/login |

(Google Chrome History forensic report).

The forensic reports of Tynan's collected Google account revealed that "sieve history" folder contained confidential Sieve information, including Sieve's corporate documents. Sieve also learned Tynan had shared this folder with another Google account belonging to her (the "Other Google Account"). That Other Google Account was not disclosed in the Forensic Protocol, executed on June 9, 2026, although Tynan represented "she has no other Data Sources in her possession, custody, or control that may contain, or have previously contained, accessed, transmitted, processed, or were used in connection with Company Information." Sieve learned of

the Other Google Account after Sandline collected the initial devices and accounts.[1] Following a cursory review and upon Tynan's representation that no other confidential Sieve information was stored on or sent to this account, Sieve elected to not further pursue the Other Google Account unless the forensic reports indicate otherwise. The web history information is relevant to this effort.

Likewise, Tynan's access to certain of Sieve's information, as identified in the forensic reports, can be corroborated or further clarified by Tynan's web history, including whether Tynan had accessed a browser-based cloud file sharing platform the same day she accessed Sieve's information, which would be suggestive of further dissemination or transfer. Courts in this Circuit have held that web history information can constitute evidence in misappropriation of confidential information and trade secret cases and have ordered sanctions for the spoliation of such information. *See Gutman v. Klein*, No. 03CV1570(BMC)(RML), 2008 WL 4682208, at *1 (E.D.N.Y. Oct. 15, 2008), report and recommendation adopted, No. 03 CIV. 1570 (BMC), 2008 WL 5084182 (E.D.N.Y. Dec. 2, 2008), aff'd, 515 F. App'x 8 (2d Cir. 2013) (recommending sanctions for the deletion of certain electronically stored information, including web history).

Sieve is not seeking unfettered access to Tynan's personal browsing. Sieve seeks information related to Tynan's download, storage, use, and dissemination of its data. Accordingly, Sieve has agreed that the inspection should be limited to materials and information from the beginning of Tynan's time with Sieve. Additionally, the Forensic Protocol allows Tynan to redact and/or designate any entries in the report that contain personal information unrelated to Sieve or its information as Attorney Eyes Only. Those protections address Tynan's privacy concerns without excluding entire categories of artifacts that may be necessary to complete the inspection. Tynan should not be permitted to decide unilaterally that web history/bookmark data is irrelevant and remove/withhold that information from inspection. Relevance and privacy issues should be resolved under the Forensic Protocol.

Tynan's deletion of her web history reinforces the need for inclusion of these data artifacts. The forensic reports confirm Tynan cleared her Google web history on May 29, 2026—after the Court's April 29, 2026 order directing her to submit to a forensic examination and while the parties were negotiating a protocol. She executed the Forensic Protocol eleven days later. The forensic reports also show Tynan accessed ChatGPT regarding "Browser History Storage" the same day she deleted her web history. The deletion of the web history is irreversible, but that information may be available via other sources.

There is no basis for Tynan's deletion of her web history. The web history information is relevant, and the parties have agreed to a Forensic Protocol that protects unrelated highly personal sensitive information. The timing of Tynan's deletion also raises concerns that Tynan has spoliated material evidence concerning her access, use, and transfer of Sieve's confidential information and trade secrets.

---

[1] Defendant Tynan objects to this characterization. Tynan, through her counsel, **voluntarily disclosed** the Other Google Account after Sandline collected the initial devices and accounts.

Accordingly, the web history and web bookmark artifacts should be included in the Phone Reports subject to the procedures in the Protocol, and Tynan should be required to confirm whether the deleted web history data is available elsewhere in her possession and submit such data, if available, to Sandline for forensic inspection at her expense. Sieve believes these steps are necessary to complete the inspection ordered by the Court and to allow the parties to proceed to the search, review, and remediation process contemplated by the Protocol.

**<u>Tynan's Position:</u>**

Defendant objects to Plaintiff's request for Ms. Tynan's web browser history and web bookmarks because it is not proportional to the needs of the case, is highly invasive of Ms. Tynan's privacy, and is unnecessary given the targeted forensic discovery already available to Plaintiff. Plaintiff's claims concern whether Ms. Tynan retained, transferred, disclosed, deleted, or used Sieve's confidential information or trade secrets. Those issues can be addressed through targeted forensic reports, including filename reports, metadata, access logs, deletion logs, and transfer/copying reports. The proposed forensic protocol already allows the neutral expert to run reports concerning access dates, deletions, transfers or copying of data, and file names and storage locations.

Plaintiff's request for browser history goes far beyond the scope of what is needed to investigate the issues in this case, and Plaintiff's attempt to seek that information is simply voyeurism. Browser history is not a repository of Sieve documents. It is a record of Ms. Tynan's private internet activity and may reveal medical, financial, family, legal, political, and other deeply personal information having nothing to do with this case.

Plaintiff frames itsrequest as "limited to materials and information the beginning of Tynan's time with Sieve," but that is more than a year (February 2025 to present). Plaintiff also argues that "the Forensic Protocol allows Tynan to redact and/or designate any entries in the report that contain personal information unrelated to Sieve or its information as Attorney Eyes Only," however, the Forensic Protocol only permits for the redaction and/or designation of "highly personal sensitive information."

Courts routinely reject broad browser-history discovery. In *White v. UMG Recordings, Inc.*, Magistrate Judge Wang denied a request for a year of browsing history because it "would not be proportional to the needs of the case" and would yield "vast amounts of irrelevant information" implicating privacy concerns." *White v UMG Recs., Inc.,* No. 22-cv-9971, 2022 U.S. Dist. LEXIS 228275, at *6-7 (SDNY Dec. 19, 2022) (citing *Riley v. California,* 573 U.S. 373, 395 ("An internet search and browsing history…could reveal an individual's private interests").

The same result is warranted here. Plaintiff's allegations point to targeted Google Workspace records, device artifacts, file metadata, transfer logs, deletion logs, and Sieve-related searches, not wholesale production of every website Ms. Tynan visited. The Court should deny Plaintiff's request for web browser history and bookmarks.

\* \* \* \* \* \*

We thank the Court for its attention to this matter. The parties are available at the Court's request.

Respectfully submitted

    /s/ *Marilyn Yuan*    
Marilyn Yuan
Harris St. Laurent LLP
*Counsel for Plaintiff Sieve Data Inc*

    /s/ *Miguel Tapia-Colin*    
Lou Pechman
Miguel Tapia-Colin
Pechman Law Group PLLC
*Counsel for Defendant Savannah Tynan*