# HARRIS ST LAURENT

July 27, 2026

**VIA ECF**
Hon. Joseph A. Marutollo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    **Re:**    *Sieve Data Inc. v. Savannah Tynan*, Case No. 1:26-cv-01510 (AMD) (JAM)

Dear Judge Marutollo:

Pursuant to Your Honor's Order, dated July 17, 2026, counsel for Plaintiff Sieve Data Inc. and counsel for Defendant Savannah Tynan write jointly regarding the parties' ongoing dispute concerning Tynan's web history and the status of the court-ordered forensic inspection.

## A. The Ongoing Dispute Regarding Tynan's Web History.

The parties' two disputes regarding Tynan's web history, as raised in the parties' previous joint status letter, dated July 16, 2026 (Doc. No. 32), remain unresolved.

First, the parties have a dispute related to Tynan's deletion of her Google browser history. During the inspection, Sieve discovered that Tynan deleted her Google browser history before furnishing her devices and accounts for forensic inspection. Sieve requested that Tynan provide an explanation for the deletion and confirm whether the deleted web history data is available on any other source that Tynan has not provided for inspection. Today, counsel for Tynan represented that Tynan's deleted web history data is not available on any other sources and that Tynan regularly deletes her web history data as a personal practice.

Second, the parties dispute whether the forensic activity and file listing reports for Tynan's iPhone devices (the "Phone Reports") should include web history and web bookmark data artifacts.

In light of today's representation by Tynan's counsel, Sieve has modified its request regarding the web history information; however, Sieve's position regarding the data remain materially the same as articulated in the July 16 Letter. For the Court's convenience, the parties summarize their respective positions below.

**Sieve's position:** As Sieve detailed in the July 16 Letter, web history and web bookmark information is material to determining whether Tynan has "transferred, disseminated, or otherwise disclosed Sieve's confidential information and trade secrets to any third party" or continues to "improperly retain copies of the information" on other accounts (primarily web or cloud-based

accounts) not disclosed for this court-ordered inspection. Sieve is not seeking unrestricted access to information regarding Tynan's personal browsing. Sieve has agreed to certain time period restrictions and to permit redactions and Attorneys' Eyes Only treatment of personal information unrelated to Sieve. Instead, Tynan undermined this Court's order for a forensic inspection and deprived Sieve of material information regarding her transfer and use of Sieve's confidential information and trade secrets by deleting her entire Google browser history while the parties were finalizing a forensic protocol with these privacy protections. This deletion is confirmed by the forensic reports and by the representation of Tynan's counsel. Tynan's intentional deletion of her web history constitutes spoliation of material evidence relating to Sieve's breach of contract and trade secret misappropriation claims,[1] and further reinforces the need for these web history and web bookmark artifacts.

Tynan has now confirmed that she irretrievably destroyed her Google web history. As a result, Sieve is unable to determine whether Tynan transferred materials on her devices to a third-party platform. In order to address that issue, Sieve now requests that Tynan be ordered to provide a sworn affidavit confirming: (1) that the deleted Google browser history data is not available via other sources in her possession, custody, or control; (2) that she has not deleted any information relating to Sieve since this Court's April 29, 2026 order compelling a forensic inspection; (3) all devices and accounts in her possession, custody, or control that may contain information related to Sieve or its information; and (4) that all such devices and accounts have been furnished or made available to the forensic vendor for inspection. In light of Tynan's last-minute disclosure in the late afternoon of the deadline of this joint status letter, Sieve also reserves all rights to seek other relief including attorney's fees and the cost of the forensic inspection.

As for the Phone Reports, Sieve's request remains the same – that the web history and web bookmark artifacts that exist on Tynan's iPhone devices should be provided in the Phone Reports,

---

[1] Tynan disputes Plaintiff's contention that the deletion of web history data constitutes "spoliation of material evidence relating to Sieve's" claims. The Modified Preliminary Injunction Order calls for, in relevant part:

> The defendant is enjoined from using, disclosing, or otherwise transmitting any of Sieve's confidential information and trade secrets during the pendency of this action, and is required to submit to a forensic inspection of her personal electronic devices and storage accounts, including email and cloud storage accounts, to confirm whether she has transferred, disseminated, or otherwise disclosed Sieve's confidential information and trade secrets to any third party or improperly retained copies of the information.

*See* April 29, 2026 Order.

At no time does the Order prevent Tynan from deleting her web browser history, Tynan's personal web history data *is not* relevant to this litigation. In fact, people regularly delete web history data or use incognito browsers in today's age.

subject to the redaction procedures set forth in the Forensic Protocol for personal information not related to Sieve or its information.

**Tynan's position:** Sieve's demand for web browsing history is abusive and should be denied as it has no relevance to any possible of transfer of confidential information. Sieve has no right to be a voyeur into Tynan's personal web browser history and bookmarks. Sieve's own framing of why it is requesting web browser history reveals its true purpose: it wants to find out what websites Tynan visited, not to recover its data. That is not a permissible use of the forensic inspection process. This is simply the request of a spurned former business partner, who is continuing her spiteful and expensive exercise of torturing Tynan over data that Tynan has no use for and could care less about.

To be clear, Tynan has already provided every device and account that could conceivably contain Sieve confidential information or data for forensic inspection. In fact, Sandline, the forensic vendor, has had full access to Tynan's computers, phones, and accounts since June 11 – – **46 days and counting**. That inspection has yet to reveal any misappropriation whatsoever of Sieve's confidential information because none occurred.[2] Sieve's attempt to now expand the inspection to Tynan's general web browsing activity—the websites she visited, her searches, her bookmarks—is untethered to any claim or defense in this case and amounts to an invasion of Tynan's privacy under the guise of discovery.

In any event, Tynan regularly and routinely deletes her web browser history as a matter of personal practice, as many people do. Her deletion of Google browser history was not a litigation-driven act and raises no inference of spoliation. Indeed, there was no litigation hold obligation with respect to browsing history, which is not a category of documents Sieve can claim is responsive to any legitimate discovery request in this case. In lieu of providing web browser history, Tynan is willing to provide an affidavit stating that she turned over all devices and accounts that could reasonably contain Sieve's confidential information and data.

### B. Status of the Forensic Inspection

The forensic inspection is proceeding. The parties have agreed to proceed with forensic reporting for Tynan's iPhone devices as to the undisputed data categories while the parties' dispute regarding the web history and bookmark artifacts is pending before Your Honor.

---

[2] Sieve disputes Defendant's contention that no misappropriation occurred. Under the federal Defend Trade Secrets Act and the California Uniform Trade Secrets Act, acquisition of Sieve's confidential and trade secret information by improper means is misappropriation in itself. This Court has found that Sieve "has demonstrated a likelihood of success on the merits of its claims and irreparable harm absent injunctive relief", and granted Sieve's motion for a preliminary injunction and ordered this forensic inspection on those bases.

The parties also agreed on a proposed search terms for the identification of documents for review and potential remediation. The forensic vendor, Sandline Global, is processing the data and generating the search results prior to review.

* * * * * *

We thank the Court for its attention to this matter.

Respectfully submitted

*/s/ Marilyn Yuan*
Marilyn Yuan
Harris St. Laurent LLP
*Counsel for Plaintiff Sieve Data Inc.*

*/s/ Miguel Tapia Colin*
Lou Pechman
Miguel Tapia Colin
Pechman Law Group PLLC
*Counsel for Defendant Savannah Tynan*